# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BRANDON L. WILSON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 6886 |
| | ) |
| **THOMAS J. DART**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pro se plaintiff prison detainee Brandon Wilson ("Wilson") has employed the Clerk's-Office-supplied printed form of 42 U.S.C. § 1983 ("Section 1983") Complaint to charge numerous defendants -- Sheriff Thomas Dart, the CCDOC[1] Medical Staff, Dr. Taylor,[2] an officer referred to as "Ms. Smith" and a County Jail counselor "K. Smith" -- with the serious mishandling of Wilson's dental problems. This memorandum order has been occasioned by this Court's initial screening called for by 28 U.S.C. § 1915A(a).[3]

When Wilson's narrative in his Statement of Claim (Complaint ¶ IV) is credited (as it must be for current purposes), he certainly advances a claim of at least medical malpractice.[4] More significantly in Section 1983 terms, his detailed allegations go on to describe what, on

---

[1] [Footnote by this Court] "CCDOC" is the often-employed acronym for the Cook County Department of Corrections, referred to here under its more common name tag of the "County Jail."

[2] That defendant is identified as a County Jail staff dentist.

[3] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

[4] For example, Dr. Taylor is alleged initially to have pulled four of Wilson's teeth without touching the one that was causing him the pain that prompted his visit to the County Jail dispensary.

further fleshing-out, might at least qualify as the type of "deliberate indifference" actionable under the seminal Estelle v. Gamble, 429 U.S. 97 (1976) decision and its numerous progeny. On another important issue, Wilson advances an arguable predicate for his having satisfied the exhaustion-of-administrative-remedies requirement that is a prerequisite to suit under 42 U.S.C. § 1997e(a).[5]

More is needed from Wilson, however, to address his accompanying In Forma Pauperis Application ("Application"), which he has also submitted on a Clerk's-Office-supplied form. In that respect he has failed to comply with the requirement of Section 1915(a)(2) so as to permit the calculation called for by Section 1915(b)(1). In that respect, because of the puzzling delay in Wilson's handling of his case (although his papers were not stamped "Received" in the Clerk's Office until September 4, 2014, he had signed the Complaint on July 20 of this year, and the certificate by the trust fund officer at the County Jail was dated August 1). Accordingly:

1. Wilson must identify the date on which his Complaint should be deemed to have been "filed" for Section 1915 purposes. Under the "mailbox rule" prescribed by Houston v. Lack, 487 U.S. 266 (1988), that means the date on which he mailed his papers to this District Court or delivered them to the authorities at the County Jail for such mailing.

2. Because of the age of the trust fund account printout, it runs only from the June 4, 2014 date on which Wilson was booked at the County Jail through August 1. That must be supplemented with information (a) as to the transactions in his account there to the date of "filing" (as described

---

[5] In any event, that statute is viewed in this circuit as an affirmative defense rather than a threshold bar, so that its exploration can take place during the course of this litigation.

above) and (b) as to the transactions in his trust fund account at any other custodial institution where he was housed during the period that began six months before that date and ended on June 4, 2014.

Wilson is ordered to provide the necessary information described in the preceding paragraph on or before October 6, 2014, failing which the Complaint would have to be dismissed without prejudice. Finally, an initial status hearing is set for 9 a.m. October 20, 2014, with any previously-served defendant required to make arrangements for Wilson's telephonic participation in that hearing.

                                              Milton I. Shadur
                                              Senior United States District Judge

Date: September 9, 2014